UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO DIAZ, <br><br>  Plaintiff, <br><br> v. <br><br> VENTURA COUNTY JAIL, et al., <br><br>  Defendant(s). | Case No. CV 16-9469-BRO (KK) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

On December 22, 2016, Plaintiff Federico Diaz ("Plaintiff"), proceeding pro se, constructively filed[1] a Complaint ("Complaint") pursuant to Title 42 of the United States Code, section 1983 ("Section 1983"). Plaintiff appears to be suing the Ventura County Jail, Custody Commander Barrios, Facility Manager Franke, Facility Supervisor Matthews, Level Supervisor Regan, and Housing Officer Gildroy (collectively, "Defendants") for violations of the Eighth and Fourteenth Amendment arising out of his placement in solitary confinement. As discussed

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

below, the Court dismisses the Complaint with leave to amend for failure to state a claim.

## II.
## ALLEGATIONS IN COMPLAINT

Plaintiff, an inmate at Ventura County Jail, alleges that upon his arrival at Ventura County Jail on July 15, 2016, he was improperly classified into solitary confinement. Dkt. 1, Compl. Plaintiff sues each Defendant in their individual and official capacities. Id. at 3-4. Plaintiff alleges this is the first time he has been incarcerated at Ventura County Jail and, therefore, there is no history upon which to base his classification. Id. at 5. Plaintiff believes he should have been housed in general population. Id.

Plaintiff alleges every thirty days "the housing classification officer, level supervisor and facility supervisor have a meeting regarding [Plaintiff's] classification" without his presence. Id. Plaintiff alleges he is thus prohibited from giving his "opinion and/or input" in violation of the Fourteenth Amendment. Id.

Plaintiff also alleges his placement in solitary confinement constitutes punishment for crimes he has not yet been convicted of in violation of the Eighth Amendment. Id. at 7. Plaintiff alleges he is kept "behind a solid steel door and 3 walls for 23 hours a day. No contact with other human beings. No access to rehabilitative work and/or educational programming." Id. Plaintiff states he is allowed out of his cell for one hour every 24 hours to shower, use the phone, and watch TV by himself. Id.

The only allegation specifically referencing any of the Defendants is that the five individuals "denied [Plaintiff] from participating in [his] classification meeting and are keeping him in solitary confinement." Id. at 8.

///
///
///

## III.
## **STANDARD OF REVIEW**

As Plaintiff is incarcerated, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

### A. THE COMPLAINT DOES NOT UNAMBIGUOSLY IDENTIFY DEFENDANTS

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, while Ventura County Jail appears in the caption of the Complaint, it is not listed in the section of the Complaint identifying the parties. See Compl. at

3-4. The Court is therefore unable to determine whether Plaintiff intended to name Ventura County Jail as a defendant.

If Plaintiff decides to file an amended complaint, he must clarify exactly who the defendants are – at a minimum, the caption and body of the complaint must agree.

**B.     PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT**

   **1.     Applicable Law**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, he must show the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

///

///

**2. Analysis**

Here, Plaintiff's claims against Defendants in their official capacity fail. Plaintiff fails to identify a policy that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918. Plaintiff simply alleges the individual Defendants prohibited him from participating in his classification meeting and kept him in solitary confinement. Compl. at 8. Plaintiff fails to present any facts indicating Defendants are acting pursuant to a specific policy or procedure that is causing Plaintiff's alleged constitutional violations. See Graham, 473 U.S. at 166 ("[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." (citation omitted)). Therefore, Plaintiff's official capacity claims against Defendants Barrios, Franke, Matthews, Regan, and Gildroy must be dismissed. Additionally, since Plaintiff has failed to present facts to establish an unconstitutional policy or practice which existed at Ventura County Jail, any claims brought against Defendant Ventura County Jail necessarily fail as well. Monell, 436 U.S. at 694.

**C. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST ANY DEFENDANT**

To bring a Section 1983 action against Defendants in their individual capacity, Plaintiff must present facts showing Defendants were directly and personally involved in inflicting the alleged constitutional injury. See Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Here, the sole allegation naming the Defendants alleges they "denied [him] from participating in [his] classification meeting." Compl. at 8. Plaintiff fails to present facts showing any Defendants' direct or personal involvement in the allegedly improper classification. Iqbal, 556 U.S. at 676.

In addition, to the extent Plaintiff alleges some Defendants are liable based on their role in the inmate grievance process, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).

Therefore, Plaintiff fails to state a Fourteenth Amendment due process claim against any Defendant in their individual capacity.

### D. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE AN EIGHTH AMENDMENT CLAIM AGAINST ANY DEFENDANT

#### 1. Applicable Law

As an initial matter, Plaintiff alleges he has not yet been convicted of a crime. Compl. at 7. Therefore, the Fourteenth Amendment, rather than the Eighth Amendment, is applicable to Plaintiff as a pre-trial detainee. Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) ("[T]he more protective fourteenth amendment standard applies to conditions of confinement when detainees . . . have not been convicted" of a crime. (citing Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979))).

Pre-trial detainees cannot be subjected to conditions of confinement that "amount to punishment." Bell, 441 U.S. at 536. Punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless (a) "excessive in relation to the alternative purpose," Demery v. Arpaio, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting Bell, 441 U.S. at 538), or (b) are "employed to achieve objectives that could be accomplished in so many alternative and less harsh methods," Hallstrom v. City of Garden City, 991 F.2d 1473, 1484 (9th Cir. 1993) (quoting Bell, 441 U.S. at 539 n.20). See also Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). "Legitimate, non-punitive government

7

1  interests include ensuring a detainee's presence at trial, maintaining jail security,
2  and effective management of a detention facility." Id. (citing Hallstrom, 991 F.2d
3  at 1484.

**2. Analysis**

Here, the sole allegation naming the Defendants alleges they are "keeping [him] in solitary confinement." Compl. at 8. As with his Fourteenth Amendment claim, Plaintiff fails to present facts showing any Defendants' direct or personal involvement in the allegedly improperly punitive classification. Iqbal, 556 U.S. at 676.

In addition, Plaintiff conclusorily alleges his placement in solitary confinement is punitive. Compl. at 7. However, Plaintiff does not provide any facts from which the Court can conclude his placement is expressly intended to punish, particularly in light of the responses to his grievances attached to the Complaint wherein the responding officials explain he is "properly housed and classified per the needs, safety, and security of the facility." See id. at 12, Ex. B. Furthermore, Plaintiff has not proffered alternative or less harsh methods for accomplishing the facility's legitimate interests in the safety and security of the facility. See Jones, 393 F.3d at 932.

Therefore, Plaintiff fails to state a Fourteenth Amendment unconstitutional conditions of confinement claim against any Defendant in their individual capacity.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order Plaintiff may file a First Amended Complaint to attempt

to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff should clearly state in which capacity, either individual or official, Defendants are being sued.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

1 **Plaintiff is explicitly cautioned that failure to timely file a First**
2 **Amended Complaint will result in this action being dismissed with prejudice**
3 **for failure to state a claim, prosecute and/or obey Court orders pursuant to**
4 **Federal Rule of Civil Procedure 41(b).**

6 Dated: January 11, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge